UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 JAN -9  A 11:07

- - - - - - - - - - - - - - - - - - - x

ALMO MUSIC CORPORATION, EMI VIRGIN
MUSIC, INC., FLOATED MUSIC, MILKSONG,
UNIVERSAL MUSIC CORP.,
UNIVERSAL-POLYGRAM INTERNATIONAL
PUBLISHING, INC. AND BON JOVI
PUBLISHING,

U.S. DISTRICT COURT
DISTRICT OF MASS      Civil Action
                      No.

MAGISTRATE JUDGE Collings

04 . 10052 MLW

                    Plaintiffs,        :        COMPLAINT

     -against-                         :

MEAGAN CORPORATION,                    :   AMOUNT 150 53004
                                           SUMMONS ISSUED 425
                                       :   LOCAL RULE 4.1
                                           WAIVER FORM
                    Defendant.         :   MCF ISSUED
                                           BY DPTY CLK 70M
- - - - - - - - - - - - - - - - - - - x   1/9/04

          Plaintiffs, complaining of the Defendant, by HOLLAND

& KNIGHT, LLP their attorneys, allege:

          1.   This is a suit for copyright infringement under

Title 17, U.S.C.   Jurisdiction of this Court is based upon

Title 28, U.S.C., Section 1338(a).

          2.   Plaintiffs allege three (3) causes of action for

copyright infringement based on the Defendant's public per-

formances of copyrighted musical compositions.   SCHEDULE A

annexed to the Complaint sets forth in summary form the al-

legations hereinafter made with respect to the Plaintiffs,

their copyrighted musical compositions, and Defendant's acts of infringement.

3. Plaintiffs named in Column 2 (all references to columns are to columns in SCHEDULE A) are the owners of the copyrights in the works listed in Column 3, and are properly joined in this complaint under Rule 20, Fed. R. Civ. P.

4. Defendant Meagan Corporation is a Massachusetts corporation which did at the times hereinafter mentioned and still does own, control, manage, operate and maintain a place of business for public entertainment, accommodation, amusement and refreshment known as Halftime Grill, located at #1 Factory Outlet Mall Road, in Sagamore, in the Commonwealth of Massachusetts.

5. Musical compositions were and are publicly performed at said place of business.

6. The original musical compositions listed in Column 3 were created and written by the persons named in Column 4.

7. The compositions named in causes of action 2 and 3 were published on the dates stated in Column 5, and since the dates of publication have been printed and published in strict conformity with Title 17, U.S.C.

2

8.    The composition named in cause of action 1 was registered as an unpublished composition on the date stated in Column 5.

9.    The Plaintiffs named in each cause of action, including their predecessors in interest, if any, complied in all respects with Title 17, U.S.C., and secured the exclusive rights and privileges in and to the copyright of each composition listed in Column 3, and received from the Register of Copyrights a Certificate of Registration, identified as set forth in Column 6.

10.    Defendant on the dates specified in Column 7, and upon information and belief, at other times prior and subsequent thereto, infringed the copyright in each composition named in Column 3 by giving public performances of the compositions on Defendant's premises, for the entertainment and amusement of the patrons attending said premises, and Defendant threatens to continue such infringing performances.

11.    The performances of the Plaintiffs' copyrighted musical compositions on the dates specified in Column 7 on Defendant's premises were unauthorized: neither Defendant, nor any of the Defendant's agents, servants or employees, nor any performer was licensed by, or otherwise received permission

3

from any Plaintiff or any agent, servant or employee of any Plaintiff to give such performances.

12.   In undertaking the conduct complained of in this action, Defendant knowingly and intentionally violated Plaintiffs' rights.  Defendant's knowledge and intent are established by the following facts:

(a)   Defendant has not sought or obtained a license agreement from Plaintiffs or the American Society of Composers, Authors and Publishers (ASCAP), a performing rights licensing organization of which all Plaintiffs are members.

(b)   Despite numerous letters and other contacts by ASCAP representatives informing the Defendant of its liability under the United States Copyright Law, Defendant has continued to perform copyrighted music without permission during the hours that Defendant's establishment is open to the public for business and presenting musical entertainment.

(c)   The many unauthorized performances at Halftime Grill include the performances of the three copyrighted musical compositions upon which this action is based.

4

13. At the times of the acts of infringement com-
plained of, the Plaintiff named in each cause of action was
the owner of the copyright in the composition therein named.

14. The said wrongful acts of the Defendant have
caused and are causing great injury to the Plaintiffs, which
damage cannot be accurately computed, and unless this Court
restrains the Defendant from the further commission of said
acts, said Plaintiffs will suffer irreparable injury, for all
of which the said Plaintiffs are without any adequate remedy
at law.

WHEREFORE, Plaintiffs pray:

I. That Defendant and all persons acting under the
direction, control, permission or authority of Defendant be
enjoined and restrained permanently from publicly performing
the aforementioned compositions or any of them and from
causing or permitting the said compositions to be publicly
performed in Defendant's said premises, or in any place owned,
controlled or conducted by Defendant, and from aiding or abet-
ting the public performance of such compositions in any such
place or otherwise.

II. That Defendant be decreed to pay such statutory
damages as to the Court shall appear just, as specified in 17

U.S.C. § 504(c)(1), namely, not more than Thirty Thousand Dollars ($30,000) nor less than Seven Hundred And Fifty Dollars ($750) in each cause of action herein.

III. That Defendant be decreed to pay the costs of this action and that a reasonable attorney's fee be allowed as part of the costs.

IV. For such other and further relief as may be just and equitable.

By their attorneys,

HOLLAND & KNIGHT, LLP

By:_____
    Stephen S. Young (BBO #538040)
    10 St. James Avenue
    Boston, MA  02116
    (617) 523-2700

| Columns 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Cause of Action Plaintiff | | Musical Composition | Writers | Date of Publication | Certificate of Registration Number | Date of Known Infringe-ment |
| 1. | ALMO MUSIC CORPORATION | AMERICAN GIRL | THOMAS PETTY (A/K/A TOM PETTY) | REGISTERED AS UNPUBLISHED 10/6/76 EU 721156 | | 7/25/03 |
| 2. | EMI VIRGIN MUSIC, INC., FLOATED MUSIC, MILKSONGS, UNIVERSAL MUSIC CORP. | PLUSH | SCOT WEILAND DEAN DELEO ROBERT DELEO ERICK KRETZ | 9/1/92 | PA 689-634 | 7/25/03 |
| 3. | UNIVERSAL-POLYGRAM INTERNATIONAL PUBLISHING, INC. AND BON JOVI PUBLISHING | WANTED DEAD OR ALIVE | JON BON JOVI RICHIE SAMBORA | 8/11/86 | PA 304-634 | 7/25/03 |

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Almo Music Corporation et al.

IN CLERKS OFFICE

2004 JAN -9  A 11: 07

U.S. DISTRICT COURT
DISTRICT OF MASS.

**DEFENDANTS**

Meagan Corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Stephen S. Young (BBO #536040)
Holland & Knight LLP, 10 St. James Avenue,
Boston, MA 02116    (617) 523-2700

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs | ☒ 820 Copyrights | |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 865 RSI (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | **FEDERAL TAX SUITS** | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | ☐ 871 IRS — Third Party 26 USC 7609 | |
| | | ☐ 555 Prison Condition | | |

Also in Torts — PERSONAL INJURY column:
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

LABOR also:
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

TITLE 17 U.S.C. CIVIL COPYRIGHT INFRINGEMENT

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
**JURY DEMAND:**   ☐ YES   ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE
1/8/04

SIGNATURE OF ATTORNEY OF RECORD
Stephen S. Young

FOR OFFICE USE ONLY

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)_____

   Almo Music Corporation v. Meagan Corporation

   *FILED IN CLERKS OFFICE*

   *2004 JAN -9 A.H. 07*

   *U.S. DISTRICT COURT*
   *DISTRICT OF MASS.*

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL
   COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   **820** II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,
   ___    740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.

   *Also complete AO 120 or AO 121
   for patent, trademark or copyright cases

   ___ III.   110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

   **04 · 10052 MLW**

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE
   HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

   ___ n/a _____

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS
   COURT?

   YES      **NO**

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE
   PUBLIC INTEREST?   (SEE 28 USC §2403)

   YES      **NO**

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?

   YES      **NO**

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE
   28 USC §2284?

   YES      **NO**

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE
   COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE
   SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).

   YES      **NO**

   A.   IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?

        EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   B.   IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING
        GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?

        EASTERN DIVISION        CENTRAL DIVISION        WESTERN DIVISION

   (PLEASE TYPE OR PRINT)

   ATTORNEY'S NAME _____ Stephen S. Young

   ADDRESS Holland & Knight LLP, 10 St. James Avenue, Boston, MA 02116

   TELEPHONE NO. _____ (617) 523-2700

(Cover sheet local.wpd - 11/27/00)