UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

C.A. No. 04-10052MLW

ALMO MUSIC CORPORATION ET AL.,
                    Plaintiffs,

v.                                              **PLAINTIFFS' MOTION TO STRIKE
                                                DEFENDANT'S ANSWER**

MEAGAN CORPORATION,
                    Defendant.

Plaintiffs hereby move this Court to strike the defendant's answer with leave to the defendant to obtain an attorney and file a proper answer within 20 days of the date of the Court's order, and state as grounds therefore the following:

1.    The defendant is a Massachusetts corporation with a usual place of business known as Halftime Grill and located at #1 Factory Outlet Mall Road, Sagamore, Massachusetts.

2.    An answer was filed on behalf of this corporate defendant by Stephen Savino who identified himself in the answer as being the Manager.

3.    It is well settled law in this circuit, as well as in the Commonwealth of Massachusetts, that a corporation can only appear and be represented in court by an attorney. *In re Las Colinas Dev. Corp.* 585 F.2d 7, 12-13 (1st Cir. 1978) *cert. denied sub nom., Schreibman v. Walter E. Heller & Co.*, 440 U.S. 931 (1979) ("corporations ... are not human beings ... they must be represented by a licensed attorney"); *Instituto De Educacion Universal v. Dept. of Educ.*, 209 F.3d 18, 22 (1st Cir. 2000) ("a non-lawyer may not represent a corporation in ongoing proceedings..."); *Burnham v. Justices of the Superior* Court, 439 Mass. 1018 (2003)

("individual may not represent anyone other than himself without a license to practice law"); *Varney Enterprises v. W.M.F., Inc.*, 402 Mass. 79, 81-82 (1988) ("there is no injustice in ... requiring persons who accept the advantages of incorporation to bear the burden of hiring counsel to sue or defend in court").

4.     When a corporate party has improperly appeared "*pro se*" through the filing of a pleading, striking that pleading while granting the party additional time to refile by counsel is an appropriate remedy. See *Brandstein v. White Lamps, Inc.*, 20 F. Supp. 369, 371 (S.D.N.Y. 1937) (*pro se* answer of corporate defendant stricken with leave to appear and answer by an attorney within 20 days); *Strong Delivery Ministry Ass'n v. Board of Appeals of Cook County*, 543 F.2d 32, 33 (7th Cir. 1976) (court dismissed corporate plaintiff's complaint, with leave to file amended complaint by an attorney, where corporation appeared and filed its complaint through its president).

WHEREFORE, plaintiffs move this Court to strike defendant's answer with leave to the defendant to file an answer through an attorney within 20 days of the date of the Court's order.

By their attorneys,

HOLLAND & KNIGHT LLP

By:_____/s/_____
          Stephen S. Young
          BBO #058040
          10 St. James Avenue
          Boston, MA 02116
          (617) 523-2700

Dated:  February __, 2004

## CERTIFICATION UNDER LOCAL RULE 7.1

The undersigned counsel hereby certifies that he has attempted unsuccessfully to confer by telephone with Stephen Savino who filed an answer on behalf of the defendant in an attempt to resolve or narrow the issue presented by Plaintiffs' Motion to Strike Defendant's Answer.

_____/s/_____
Stephen S. Young

## CERTIFICATE OF SERVICE

I, Stephen S. Young, hereby certify that on this _____ day of February, 2004, I served a cop of the Plaintiffs' Motion to Strike Defendant's Answer upon the defendant by mailing a copy thereof, postage prepaid, addressed to Stephen Savino, Manager, Megan Corporation, Half Time Grille, 1 Factory Outlet Mall Road, Sagamore, MA 02561.

Signed under the pains and penalties of perjury.

_____/s/_____
Stephen S. Young

# 1720709_v1