UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

C. A. No. 04-10052MLW

ALMO MUSIC CORPORATION ET AL.

          Plaintiff,

v.

MEAGAN CORPORATION

          Defendant.

**DECLARATION OF DIANNE USSERY IN SUPPORT OF PLAINTIFFS' MOTION FOR AN ASSESSMENT OF DAMAGES**

I, Dianne Ussery, hereby declare that:

1.    I am employed as Litigation Administrator for the American Society of Composers, Authors and Publishers ("ASCAP"), which has its principal place of business at One Lincoln Plaza, New York, New York. I make this declaration based upon my knowledge of and experience with ASCAP and upon the records of ASCAP maintained in the ordinary course of its business regarding its contacts with the Defendant.

2.    At all times pertinent to the allegations contained in the Complaint, Plaintiffs were members of ASCAP.

3.    Since at least March 1, 2000, neither Defendant, nor anyone acting on Defendant's behalf, has been licensed by ASCAP nor, I believe, otherwise

authorized to perform ASCAP's members' copyrighted music at its place of business known as the Halftime Grill in Sagamore, Massachusetts.

4. Although contacted on over 20 occasions by letter, telephone and personal visits by representatives of ASCAP, Defendant has consistently ignored ASCAP's offers of a license which would have enabled Defendant to perform lawfully the copyrighted songs owned by Plaintiffs and all other ASCAP members. Instead, Defendant has willfully chosen to perform, and on information and belief, continues to perform the copyrighted music of Plaintiffs and other members of ASCAP without permission.

5. If Defendant had been properly licensed by ASCAP from March 1, 2000 through December 31, 2004, the estimated license fees that it should have paid to ASCAP total $6,826.00.

6. In addition, ASCAP paid $182.40 to obtain the formal investigation taken on July 25, 2003 at the Halftime Grill that produced the evidence of the infringing performances on which this action is based.

7. Therefore, the total of license fees plus ASCAP's investigation fees is $7,008.40.

8. I am informed and believe that the three compositions that are the subject matter of the pending copyright infringement suit were in ASCAP's repertory on the date of infringement. I also know that Defendant did not have an ASCAP license to perform Plaintiffs' music on that date, and am informed and believe that Defendant had not obtained permission directly from Plaintiffs to perform their music.

9. I further state that all of the allegations contained in the complaint in this case are true to the best of my knowledge and belief.

I certify under penalty of perjury that the foregoing is true and correct.

_____
Dianne Ussery
Litigation Administrator
AMERICAN SOCIETY OF COMPOSERS,
AUTHORS AND PUBLISHERS

September 13th, 2004

# 2203369_v1