UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

C.A. NO. 04-10052MLW

| | |
|---|---|
| ALMO MUSIC CORPORATION ET AL.,<br>Plaintiffs,<br><br>v.<br><br>MEAGAN CORPORATION,<br>Defendant. | **PLAINTIFFS' AMENDED MOTION FOR APPROVAL TO LEVY ON DEFENDANT'S CASH REGISTER RECEIPTS, LIQUOR AND LIQUOR LICENSE** |

Plaintiffs in the above-entitled action hereby move this Court to issue an order permitting

the United States Marshal's office, the Barnstable County Deputy Sheriff's office or a duly

authorized constable:

1. To levy upon the cash register receipts of Defendant doing business as Halftime Grill located at #1 Factory Outlet Mall Road, Sagamore, MA 02561;

2. To levy upon, seize and sell all liquor found on Defendant's premises known as Halftime Grill located at #1 Factory Outlet Mall Road, Sagamore, MA 02561; and

3. To levy upon, seize and sell the liquor license issued to Defendant pursuant to M.G.L. c. 138, §12, which is kept at Defendant's business known as Halftime Grill located at #1 Factory Outlet Mall Road, Sagamore, MA 02561;

until the outstanding amount of the execution, plus interest and costs of demand, seizure and sale

are satisfied.

**A.    Grounds For This Motion.**

On September 18, 2004, Plaintiffs recovered judgment against Defendant in this case in

the total amount of $14,724.30 plus interest at the rate of 2.10% per annum.

On October 25, 2004, a First Execution issued in the total amount of $14,724.30.

Demand was made in hand on this execution by the Barnstable County Deputy Sheriff on

November 8, 2004 on Arthur Freedman, president of Meagan Corporation, who has neglected and refused to comply with the demand as shown by the Execution and the deputy sheriff's return of service, a copy of which is attached hereto.

Since demand has been made and payment refused, and since the amount of the execution may not be sufficiently large to warrant a receivership, Plaintiffs respectfully suggest that levies on cash register receipts, liquor, and Defendant's liquor license will be the most effective way to obtain satisfaction of the lawfully issued execution.

**B.    <u>Authority For This Motion</u>.**

Rule 69(a), Fed.R.Civ.P., provides that the procedure on execution "shall be in accordance with the practice and procedure of the state in which the district court is held...." Rule 69, Mass.R.Civ.P. provides that the procedure on execution "shall be in accordance with applicable statutes." G.L. c. 235, § 31 provides that "all property which by common law is liable to be taken on execution, may be taken and sold thereon, except as otherwise expressly provided." Section 34 of G.L. c. 235 lists the property which is specifically exempt from execution such as an individual's bibles and school books, twelve sheep, two swine, four tons of hay, tombs in use as repositories of the dead and other items unrelated to the pending motion.

Specific authority for levying on each of the items described in the motion are the following: (1) cash register receipts - cash can be taken on execution under authority of both Section 32 of G.L. c. 235 and *Sheldon v. Root*, 33 Mass. (16 Pick) 557, 569 (1835); (2) liquor - liquor can be seized and sold under the provisions of G.L. c. 138, §1; and (3) liquor license - a liquor license can be seized under authority of *Springsteen v. Meadows, Inc.*, 534 Fed. Supp. 504, 507 (D.Mass. 1982) ("a liquor license does have a value and since it is transferable … it is subject to levy"), and see *Rowe v. Colpoys*, 137 F.2d 249 (D.C. Cir.), *cert. denied* 320 U.S. 873

(1943) (a liquor license is a "valuable right, with attributes of property and transferable value..."

subject to levy).

Finally, motions for approval to levy on defendants' cash register receipts, liquor and

liquor license have been routinely allowed by this Court. See, for example, the following cases:

*Avant Garde Music Publishing, Inc., et al. v. Oliver's, Inc.,*
C.A. #88-0239-Y (July 20, 1988)

*The Sterling Music Co., et al. v. Fitz Company, Inc.,*
C.A. #88-2334-Z (April 21, 1989)

*Girlsongs, et al. v. Eddy Mac's Lounge, Inc.,* C.A. #87-2203-MA
(October 24, 1988)

*Wild Gator Music, et al. v. McMino's, Inc.,* C.A. #88-2818-MC
(June 28, 1989)

*Lewis Music Publishing Co., et al. v. Springfield Silver Dollar,*
*Inc., et al.,* C.A. #86-3139-N (May 31, 1988)

By their attorneys,

HOLLAND & KNIGHT LLP

By:

Stephen S. Young
BBO #058040
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Dated:  August 12, 2005

# 2842048_v2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN SECTION

C.A. No. 04-10052MLW

ALMO MUSIC CORPORATION ET AL.,
Plaintiffs,

v.

MEAGAN CORPORATION,
Defendant.

**FIRST EXECUTION**

To the United States Marshal for the District of Massachusetts or either of his Deputies and to an authorized Commonwealth of Massachusetts Deputy Sheriff or Constable:

WHEREAS, plaintiffs have recovered a Judgment in this Court against Meagan Corporation on the 18th day of September, 2004, for the sum of $12,000 damages and costs of this suit in the amount of $2,724.30, as to us appears of record, whereof this First Execution remains to be done,

WE COMMAND YOU, therefore, that of the goods and chattels or lands of the said Judgment Debtor you cause to be paid and satisfied unto the said Judgment Creditor, at the value thereof in money, the aforesaid sums being a total of $14,724.30, in the whole, with interest thereon from said day of rendition of said judgment; and thereof also to satisfy yourself for your own fees. Post-judgment interest shall accrue from the date of entry of judgment to the date of its satisfaction, at the annual rate of 2.10%.

HEREOF FAIL NOT and make due return of this Writ with your doings thereon into the Clerk's Office of our said Court, at Boston, Massachusetts, within twenty (20) years after the date of said Judgment, or within ten (10) days after this writ has been satisfied or discharged.

Dated at Boston this _25th_ day of _October_, 2004.

TONY ANASTAS
Clerk

By: _____
Deputy Clerk

SEAL



**Barnstable County Sheriff's Office**

      I hereby certify and return that on **November 08, 2004** by virtue of this Writ of First Execution & Pl'ff's Motion to Permit Demand and Levy to be Made by a Disinterested Person, I this day made demand in hand on the within named Defendant, Meagan Corporation (c/o Arthur Freedman) at the last and usual residential address of 3 Wood Spring Farm Lane, Sandwich, MA, that he pay me the amount hereof, together with my fees, or display to me sufficient property on which I might levy in satisfaction hereof. The said Defendant neglected and refused to comply with my said demand. I now return this Execution in no part satisfied.

Fee:      $54.30

Jon M. Hunt, Deputy Sheriff
PO Box 661, W. Hyannis Port, MA 02672